**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA

        v.

YUEN LIU-TORRES,

       Defendant.

No. 19-cr-10421-DPW

ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR RECONSIDERATION

Defendant Yuen Liu-Torres is charged via indictment with conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and with conspiring to money launder, in violation of 18 U.S.C. § 1956(h).  On December 19, 2019, the court ordered the defendant detained pending trial on the grounds of danger and flight risk. (D. 105).  The court noted that the defendant does not have a serious criminal record, and possesses ties to the community, but found that the government produced credible evidence that the defendant is a member of a prominent gang associated with drug trafficking and violent activity.

Against this backdrop, the defendant, who is currently being detained at the Plymouth Correctional Facility, moves for reconsideration and release on the ground that the coronavirus-related pandemic constitutes changed circumstances warranting release.  At a hearing held on May 1, 2020, the defendant presented evidence that he suffers from a persistent upper

respiratory condition with wheezing that makes him particularly
vulnerable to Covid-19.  The defendant acknowledged concerns
previously noted by the court in ordering him detained, but
argued (1) there is no evidence that he actually harmed anyone
or arranged to have anyone harmed despite making statements to
the contrary, and (2) surveillance photographs showing him with
cash were not necessarily suggestive of improper conduct where
he co-managed a restaurant with his father.  The defendant
proposes that he be released to reside with his wife and
children at their New Bedford residence, on home incarceration
with monitoring.

The government opposes the defendant's motion.  The
government argues that medical records do not support the
defendant's claim of a chronic condition or asthma, even
accepting that he may have suffered from a cold or perhaps be
prone to colds.  Accordingly, the government contends, the
present case does not meaningfully involve changed
circumstances, particularly where only one detainee at Plymouth
has thus far tested positive for Covid-19.

The court reserved judgment on the defendant's motion
pending among other things a further review of his medical
records.  From the court's review, the records do not indicate
an official diagnosis of asthma but they do reflect that the
defendant has been prescribed steroid inhalants since December

2019, and continues to use them at present.   (D. 160-2, pp. 1-2,

32).   The records also reflect that the defendant's initial

health assessment at Plymouth reflected a "persistent uri (upper

respiratory infection), with marked wheezing on exam."   (Id. p.

10).   The defendant is moreover obese and his bloodwork in March

2020 indicates that he has high glucose levels.   (Id. p. 25-26).

The court understands that respiratory ailments and obesity are

comorbidities that may place a Covid-19 victim at a greater risk

of harm.   The court credits that officials at Plymouth have

commendably taken many precautions to minimize the risk of

exposure by detainees to the virus but presumes also that the

risk cannot be completely eliminated given the large number of

persons present within the facility at any given time.

Although the court continues to be concerned about the

evidence implicating the defendant in this matter, the court

finds based on (1) the defendant's physical condition in

conjunction with conditions at Plymouth; (2) the defendant's

relatively moderate criminal record; and (3) the defendant's

ties to the community and stable home situation, that release on

conditions is appropriate.   The court therefore **GRANTS** the

defendant's Emergency Motion for Reconsideration and orders the

defendant's release subject to the following conditions:

1.   The defendant shall be subject to home confinement at
     his residence at 219 Acushnet Avenue, New Bedford, MA,
     and the defendant may not leave the residence without

the prior permission of U.S. Probation and Pretrial Services.

2.    Approval for leaving the residence is limited to medical appointments and meetings with counsel.

3.    The defendant shall be monitored via random telephone calls to a landline telephone in the residence. Prior to the defendant's release, U.S. Probation and Pretrial Services shall verify that the residence has working landline telephone.

4.    The defendant shall surrender any passport to U.S. Probation and Pretrial Services and shall not obtain a passport or any other travel document while this case is pending.

5.    The defendant shall maintain the above residence and not move without the prior permission of U.S. Probation and Pretrial Services.

6.    The defendant shall avoid all contact, directly or indirectly, with any person who is or may be a victim or potential witness in the investigation or prosecution, including, but not limited to: co-defendants and alleged gang members, unless in the presence of counsel.

7.    The defendant shall refrain from possessing any firearm, destructive device, or other dangerous weapon, and there shall be no such firearm, destructive device, or other dangerous weapon in the residence.

8.    The defendant shall refrain from the excessive use of alcohol and from the use or unlawful possession of a narcotic drug or other controlled substances, including marijuana, unless prescribed by a licensed medical practitioner.

9.    The defendant shall submit to any drug testing required by U.S. Probation and Pretrial Services.

10.   The defendant shall report any contact with law enforcement within 24 hours to U.S. Probation and Pretrial Services.

11.   The defendant shall obey all statutory conditions of
      release.

12.   The defendant acknowledges that a warrant for his
      arrest has been signed by an authorized judicial
      officer and is being held in abeyance and, further,
      that this warrant will be activated without further
      notice to the defendant if he violates any conditions
      of his release.


                                    /s/ Donald L. Cabell
                                    DONALD L. CABELL, U.S.M.J.
DATED:  May 5, 2020